UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ARCADIS U.S., INC. | CIVIL ACTION NO. 20-0471 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STRYKER DEMOLITION & ENVIRONMENTAL SERVICES, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Rule 12(c) Partial Motion for Judgment on the Pleadings filed by Plaintiff and Defendant-in-Counterclaim, Arcadis U.S., Inc. ("Arcadis"). See Record Document 52. Specifically, Arcadis seeks the dismissal of the fraud claims asserted by Defendant and Counterclaimant, Stryker Demolition & Environmental Services, LLC ("Stryker"). See id. Stryker has opposed the motion. See Record Document 62. Arcadis replied. See Record Document 71. For the reasons set forth below, Arcadis's Rule 12(c) Motion is hereby **DENIED WITHOUT PREJUDICE** and Stryker is **GRANTED LEAVE TO AMEND** its counterclaim to cure the Rule 9(b) deficiencies.

**FACTUAL AND PROCEDURAL BACKGROUND**

This litigation arises from a large scale demolition project ("the Project") in Shreveport, Louisiana. Arcadis entered into an agreement with Ansell Healthcare Products, LLC ("Ansell"), whereby Arcadis agreed to contract with a demolition contractor and supply project management for the demolition of a former battery manufacturing facility located at 6901 Westport Avenue in Shreveport, Louisiana. In accordance with a Services Agreement between Ansell and Arcadis effective March 25, 2002, Arcadis formulated the bid specification package for the Project and conducted demolition

contractor evaluations. The Project included demolishing and disposing of the former facility, including lead and asbestos roofing materials.

Arcadis hired Stryker as the demolition subcontractor on the Project. Arcadis and Stryker entered into an Agreement for Subcontractor Services. The Agreement was dated December 11, 2018. Stryker began its work on December 19, 2018. In May 2019, Stryker submitted a change order request for additional contract price for work relating to removal of the hazardous roofing material. Arcadis rejected the change order request. The Project was closed out on October 7, 2019. Litigation then ensued.

Arcadis has asserted three claims against Stryker: failure to timely perform; breach of contract for filing a lien; and damages for wrongful filing of line. See Record Document 1-3.[1] Arcadis filed a counterclaim for, *inter alia*, fraud. See Record Document 24 at 30-32. Arcadis alleges fraudulent misrepresentation(s) under Louisiana Civil Code Article 1953.[2] Stryker contends that "Arcadis knew or should have known of the actual conditions of the property, including: (a) the fact that the roof consisted of two separate roofing systems; (b) the fact that the roof could and did become saturated with water in a manner that would not be anticipated for a roof of the materials, age, and condition

---

[1] Stryker has filed a Motion for Summary Judgment (Record Document 50) seeking to dismiss these claims.

[2] Article 1953 provides: "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." The Fifth Circuit has held that state claims of fraud do not escape the pleading requirements of the federal rule. See Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997). "The elements of fraud include: 1) a misstatement or omission; 2) of material fact; 3) made with the intent to defraud; 4) on which the plaintiff relied; and 5) which proximately caused the plaintiff's injury." Id. Within the Fifth Circuit, "pleading fraud with particularity . . . requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" Id.

observed and observable by Stryker before Stryker submitted its bid; (c) the fact that the concrete slab on grade was equal to or exceeded 12 inches in thickness; (d) the fact that 4 tanks in the WWTP contained sludge that had to be cleaned before the tanks could be removed from the Property; and (e) the fact that there were 4 large vaults beneath the concrete slabs that were not disclosed by Arcadis." Record Document 24 at ¶ 125. Stryker alleges that Arcadis made the following misrepresentations:

> Arcadis misrepresented, suppressed, or omitted true information regarding the actual conditions as set forth above to induce bidders, including Stryker, to submit bids that were far lower than they would have been if the bidders had full knowledge of the actual conditions of the Property.
>
> Arcadis further misrepresented that it would give due consideration to change orders requested because of changed or unanticipated conditions encountered in the course of work.

Id. at ¶¶ 126-127. Stryker further submits that "on information and belief, Arcadis knew of some or all of the undisclosed and hidden conditions on which it knew Stryker relied in making its bid, and never intended to honor change order requests at such time as Stryker actually encountered such conditions." Id. at ¶ 130.

Arcadis now seeks dismissal of Stryker's fraudulent misrepresentation claims on the ground that such allegations fail to satisfy the Rule 9(b) requirement that fraud be pled with particularity. See Record Document 52. Stryker argues Arcadis's Rule 9(b) argument has been waived and/or is not timely; that its allegations of fraudulent misrepresentation are sufficient; and, alternatively, it should be granted leave to amend its counterclaim setting forth in additional detail is claims of fraud against Arcadis. See Record Document 62.

**LAW AND ANALYSIS**

**I.      Rule 9(b) and Rule 12(c) Standards.**

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) governs state-law fraud claims such as those alleged in this case. See Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338-39 (5th Cir. 2008). The Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Id. at 339. "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." Id.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim." Shushany v. Allwaste, Inc., 992 F.2d 517, 520 (5th Cir. 1993).

Under the Rule 12(b)(6) standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading

is deficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Courts must accept all factual allegations in the complaint as true.  See id.  However, courts do not have to accept legal conclusions as facts.  See id.  A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim.  See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014).

Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion.  See Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted.  See id.

## II.     Timeliness of Motion/Waiver.

In response to the instant motion, Stryker first argues Arcadis waived the defense that Stryker failed to comply with Rule 9 because Arcadis did not timely raise such defense.  See Record Document 62 at 2-3.  The Court disagrees.  Arcadis plead in its answer that Stryker's Counterclaim failed to state a claim against Arcadis upon which relief can be granted and that Stryker's Counterclaim was vague and failed to state claims against Arcadis with the requisite specificity.  See Record Document 31 at 28.  Because a motion challenging the sufficiency of fraud allegations pursuant to Rule 9(b) is a dismissal for failure to state a claim, "the time limits applicable to motions to dismiss under Rule 12(b)(6) should apply, and a party may challenge the sufficiency of allegations of fraud in any pleading." Jeanes v. McBride, No. CV 16-1259, 2019 WL 2387863, at *4 (W.D. La. June 4, 2019).  Rule 12(h)(2) also provides further guidance:

>   (h) Waiving and Preserving Certain Defenses.
>
>   . . .
>
>   (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
>
>   >   (A) in any pleading allowed or ordered under Rule 7(a);
>   >
>   >   (B) by a motion under Rule 12(c); or
>   >
>   >   (C) at trial.

Fed. R. Civ. P. 12(h)(2). Based on the plain language of Rule 12(h)(2), failure to state a claim upon which relief may be granted is a defense that may be raised as late as trial. See also Jeanes, 2019 WL 2387863, at *4. The Court notes that here Arcadis did not wait until trial, but rather filed its Rule 12(c) motion before the deadline for dispositive motions in this case. The Rule 12(c) motion in this case is both proper – there has been no waiver – and timely.

**III. Stryker's Allegations of Fraudulent Misrepresentations in the Counterclaim.**

Stryker argues its allegations of fraud are sufficient. First, it submits that it is obvious that "by choosing to file a Rule 12(c) motion rather than a Rule 56 motion for summary judgment, Arcadis concedes that it could not prevail on a motion for summary judgment." Record Document 62 at 3. Rather, Stryker maintains that Arcadis is taking advantage of a technical pleading deficiency (if any) in lieu of addressing the merits of the fraud claim(s). See id. This Court has held that Arcadis's Rule 12(c) motion is procedurally proper; thus, the Court remains unpersuaded by this argument.

It is apparent from the face of the counterclaim (Record Document 24) that not all of the Rule 9(b) requirements -- the who, what, when, where, and how of the events at

issue in relation to Stryker's fraud allegations – were set forth with particularity. In response to the Rule 12(c) motion and as to the questions of "who, when, and where," Stryker repeatedly references the results of discovery – namely the testimony, knowledge, and actions of Ryan Kelly, an employee of Arcadis – as support for its fraudulent misrepresentation claims. See Record Document 62. In other instances and in specific reference to "when," Stryker stated:

> Stryker identified generally when the fraudulent misrepresentations were made. The fraudulent misrepresentations were made pre-bid. If further detail is required, the fraudulent misrepresentations were made between September 20, 2018 and November 2, 2018, in particular on October 1 & 2, 2018. Discovery in this matter disclosed this fact.

Id. at 5. Stryker admitted that it did not identify a location for the fraudulent misrepresentations in its counterclaim because "this is a case of fraud by silence or inaction." Id. at 5. Stryker elaborates in its response:

> Certainly, Arcadis' silence occurred at the pre-bid meeting at the location of the project in Shreveport, Louisiana. But, it also occurred every day until bids were submitted. In other words, Arcadis had an extended period of time in which to reveal the hidden information to the bidders leading up until the submission of the actual bids. Arcadis' fraud by silence occurred continuously during that time at wherever Arcadis and Ryan Kelly were located.
>     After approximately a year of discovery, including the production of tens of thousands of documents and approximately ten depositions, all of these facts are known to both parties.

Id. at 5-6. Thus, while some of the Rule 9(b) deficiencies may have been clarified or even remedied through discovery, Stryker never amended its complaint to be in compliance with Rule 9(b). As stated previously, the Fifth Circuit "interprets Rule 9(b) **strictly**, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent" – all within the complaint. Dorsey, 540 F.3d at 338-39

(emphasis added). Stryker has failed to do so and its fraudulent misrepresentation allegations in its counterclaim do not comply with Rule 9(b).

## IV.  Request to Amend.

In the event that the Court considered granting Arcadis's motion on the grounds of Rule 9(b) lack of particularity, Stryker requested leave of court to file an amended counterclaim setting forth additional details to support its claim of fraud against Arcadis. See Record Document 62 at 7. Arcadis opposed such request. See Record Document 71 at 8.

The deadline to amend pleadings expired on July 10, 2021. See Record Document 33. Thus, Stryker must show good cause to modify the scheduling order before the more liberal standard of Rule 15(a) applies. See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003). It appears that Stryker's explanation for not seeking leave to amend earlier was its belief that its allegations of fraudulent misrepresentation were sufficient and/or any deficiencies were cured by discovery.

In S&W Enterprises, the Fifth Circuit explained that courts are to consider four factors when deciding a post-deadline motion for leave to amend: (1) the movant's explanation for his failure to timely move for leave; (2) the importance of the proposed amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. See id. On balance, these factors support granting leave to amend in this instance. Stryker has explained that it believed at this late stage of litigation, its fraud allegations were clearly identifiable from the fruits of discovery. Moreover, Stryker would clearly be prejudiced by a denial of the request to amend, while

the potential prejudice to Arcadis – a continuance of the December 12, 2022 trial date – has been eliminated since a continuance was necessitated by the Court's docket due to a conflict with an important criminal jury trial setting. Thus, while the continuance was not done for the purpose of allowing amendment of the counterclaim, it has the effect of allowing such amendment without prejudice to Arcadis. Stryker's request to amend is, therefore, **GRANTED**. Its amended counterclaim shall be filed within 28 days.

## CONCLUSION

For the reasons stated above, Arcadis's Rule 12(c) Partial Motion for Judgment on the Pleadings is **DENIED WITHOUT PREJUDICE** and Stryker is **GRANTED LEAVE TO AMEND** its counterclaim to cure the Rule 9(b) deficiencies. Stryker's amended counterclaim shall be filed within 28 days. An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 4th day of November, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT